UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN CLARK (#178752)

VERSUS                                               CIVIL ACTION

KEVIN BENJAMIN, ET AL                                NUMBER 11-385-BAJ-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 31, 2011.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN CLARK (#178752)

VERSUS                                          CIVIL ACTION

KEVIN BENJAMIN, ET AL                           NUMBER 11-385-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss. Record document number 8. The motion is not opposed.

**Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Kevin Benjamin, Asst. Warden Jimmy Smith, Capt. Kenneth Wilson, corrections officer Phillip Causey, and inmates Charles Daniel and Robert Skipper. Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.

Defendants[1] moved to dismiss the complaint pursuant to Rules 12(b)(1) and (6), Fed.R.Civ.P., for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

---

[1] Inmates Charles Daniel and Robert Skipper were not served with the complaint and did not participate in the defendants' motion to dismiss.

**Applicable Law and Analysis**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**Eleventh Amendment Immunity**

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id*., 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental

entity and not the named individual, the "entity's 'policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as they were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against

4

the defendants in their official capacity is also actionable under § 1983. Of course, the plaintiff prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

**Failure to Protect**

Plaintiff alleged that on June 6, 2010, while asleep in his bed in Cypress Unit, Barracks number 4, he was repeatedly stabbed by inmate Charles Daniels. Plaintiff alleged that the intended victim of the attack was inmate Nathaniel Carter who was also asleep at the time and was not involved in the incident.

Plaintiff alleged that several weeks prior to the stabbing incident, inmate Carter was housed in Ash Unit, Barracks 4. Plaintiff alleged that several inmates on Ash Unit sent anonymous letters to Asst. Warden Jimmy Smith complaining that Carter was strong arming other prisoners regarding use of the television in Ash 4 dormitory. Plaintiff alleged that as a result of the anonymous letters, Asst. Warden Smith and Capt. Wilson ordered Carter moved to Cypress Unit, Barracks 4.

Plaintiff alleged that Carter confronted Warden Smith regarding his transfer. Plaintiff alleged that Carter was issued a disciplinary report and was placed in administrative segregation pending a disciplinary board hearing. Plaintiff alleged that prior to the disciplinary board hearing, Asst. Warden Benjamin ordered Carter released from administrative segregation. Plaintiff alleged

5

that in response to his administrative grievance, prison officials stated that Asst. Warden Benjamin ordered Carter released after an investigation failed to show that Carter was strong arming or threatening inmates on the Ash Unit. The response further indicated that, as a precaution, Carter was transferred to Cypress Unit.

Plaintiff alleged that hours before he was attacked, inmates Carter and Daniels were involved in a violent verbal confrontation. Plaintiff alleged that an investigation into the incident showed that the day before the stabbing, Carter and Daniels had a disagreement over clothing.

Plaintiff alleged that Cadet Causey, who was on watch the day of the incident, failed to defuse, inform, prevent, or issue disciplinary reports to Carter and Daniels. Plaintiff further alleged that Asst. Warden Smith and Capt. Wilson initiated the disciplinary process against Carter by having him transferred to administrative lockdown on strong arming charges but Asst. Warden Benjamin ordered him released.

Plaintiff alleged that an investigation into the incident showed that Carter was the intended victim of Daniels' attack.

Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his Eighth Amendment rights.

A prison official may be held liable under the Eighth

Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff failed to allege any facts which indicate the defendants knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Plaintiff did not allege that he alerted prison officials about a conflict between him and Daniels, his attacker. Plaintiff's allegation that the defendants knew about a conflict between Carter and Daniels prior to the incident is insufficient to support a deliberate indifference claim against them. Even assuming prison officials were aware of a conflict between Carter and Daniels, no inference could reasonably be drawn that the plaintiff faced a substantial risk of serious harm.

**Claims Against Daniels and Skipper**

Plaintiff named inmates Charles Daniels and Robert Skipper as defendants. Plaintiff alleged that Daniels stabbed him and Skipper provided Daniels with the weapon used in the attack.

An in forma pauperis suit is properly dismissed as frivolous

7

if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); Hicks v. Garner, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. Denton, 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W. V. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). Neither Daniels nor Skipper are state actors for purposes of § 1983.

Because it is clear that the plaintiff's claims against Daniels and Skipper have no arguable basis in fact or in law the claims against them should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and without prejudice to any state law claim.

8

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted and this action be dismissed, unless within 14 days after the court's ruling on the motion, or such other reasonable time as may be fixed by the court, the plaintiff files an amended complaint alleging facts sufficient to state a claim upon which relief can be granted against defendants Asst. Warden Kevin Benjamin, Asst. Warden Jimmy Smith, Capt. Kenneth Wilson and corrections officer Phillip Causey.

It is further recommended that the claims against defendants Charles Daniels and Robert Skipper be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and without prejudice to any state law claim against them.

Baton Rouge, Louisiana, August 31, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE