UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ALVIN CLARK (#178752)

VERSUS                                    CIVIL ACTION

KEVIN BENJAMIN, ET AL                     NUMBER 11-385-BAJ-SCR

**<u>NOTICE</u>**

Please take notice that the attached Supplemental Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.


ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 28, 2011.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ALVIN CLARK (#178752)

VERSUS                                      CIVIL ACTION

KEVIN BENJAMIN, ET AL                       NUMBER 11-385-BAJ-SCR

**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT**

On August 31, 2011, a Magistrate Judge's Report was issued recommending that the defendants' Motion to Dismiss be granted and this action be dismissed unless the plaintiff files an amended complaint alleging facts sufficient to state a claim upon which relief can be granted against defendants Asst. Warden Kevin Benjamin, Asst. Warden Jimmy Smith, Capt. Kenneth Wilson and corrections officer Phillip Causey.[1]  On September 14, 2011, the plaintiff filed an Amendment of Complaint.[2]

For the reasons set forth in the August 31, 2011 magistrate judge's report, as supplemented herein, the defendants' Motion to Dismiss should be granted and this action should be dismissed.

In the amended complaint the plaintiff re-alleged essentially the same allegations made in the original complaint.  Specifically, the plaintiff alleged that Asst. Warden Benjamin knew that inmate

---

[1] Record document number 25.

[2] Record document number 26.

Carter had been accused anonymously of strong arming in Ash 4 dormitory. Plaintiff alleged that prison official knew that inmates Nathaniel Carter and Charles Daniels are violent inmates, each with a history of violent attacks. Plaintiff alleged that prison officials disregarded his safety by assigning inmate Carter to a dormitory with knowledge that someone would be violently assaulted. Plaintiff alleged that prisoners warned Asst. Warden Smith that inmate Carter should be moved from Ash unit or something bad would happen to him, i.e., Carter. Plaintiff alleged that prison officials heeded the warning and moved inmate Carter to Cypress unit. Plaintiff alleged that when inmate Carter complained about his transfer he was issued a disciplinary report and was transferred to administrative lockdown but was later released back to Cypress unit on orders of Asst. Warden Benjamin. Plaintiff alleged that the defendants knew inmate Carter was a troublemaker and posed a threat to security. Plaintiff alleged that prison officials had ample notice of a conflict between inmates Carter and Daniels.

Plaintiff argued that the defendants failed to protect him from attack by a fellow inmate, Daniels, in violation of his Eighth Amendment rights.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a

substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Plaintiff failed to allege any facts in either the original or amended complaints which show the defendants knew **he** faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Plaintiff did not allege that prior to the incident he ever had a conflict with inmate Daniels, his attacker, or that he alerted prison officials about a conflict between him and Daniels. Plaintiff's allegation that the defendants knew about a conflict between inmates Carter and Daniels prior to the incident is insufficient to support a deliberate indifference claim against them. Even assuming prison officials were aware of a conflict between inmates Carter and Daniels, no inference could reasonably be drawn that **the plaintiff** faced a substantial risk of serious harm from inmate Daniels.

### RECOMMENDATION

For the reasons set forth in the August 31, 2011 Magistrate Judge's Report, as supplemented herein, it is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be

granted and this action be dismissed.  It is further recommended that the claims against defendants Charles Daniels and Robert Skipper be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and without prejudice to any state law claim against them.

Baton Rouge, Louisiana, September 28, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE